# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
Docket No.: ____

Dan Howard, Pro-Se
    Plaintiff

v.

    Defendants

Stuart Juckett,
National Association of Securities Dealers,
Securities and Exchange Commission

COMPLAINT
AND JURY DEMAND

03-11758 RWZ

Referred to M.J. LPC

## INTRODUCTION

1. This is a Civil Action for stalking, Hate Crimes, racketeering, and violation of the U.S. Civil Rights Act brought by the Plaintiff, a licensed securities professional for 20 years. Plaintiff is Hispanic. Documents provided by defendants National Association of Securities ("NASD") and the Securities and Exchange Commission ("SEC") have identified defendant Stuart Juckett ("Juckett") as a stalker and financial con artist. Defendant Juckett continues to use the NASD website to stalk Plaintiff and extort money out of him and his employers. Plaintiff's employer, in a letter dated September 15, 2002 notified plaintiff of Juckett's latest threats and extortion demands. Juckett referred to Howard as a "Spic" to his employer Robert Angle of Acument Securities. The NASD falsified information contained in my CRD file in response to Juckett's threats and extortion demands. The CRD file is a complete work of fiction and contains sanctions and fines with no basis in fact or law. Said sanctions are null and void with no force or effect. The SEC regulates the actions of the NASD. Plaintiff seeks compensatory, liquidated, and punitive damages under the U.S. Civil Rights Act and under the Massachusetts Hate Crimes Civil Rights Statute G.L. c.265, Sec. 37 and Crime of Stalking, G.L. c.265, Sec 43. Also, Massachusetts G.L. C.12, SEC.111, and harassing phone calls, Massachusetts G.L. c.275, Sec 2. Further, plaintiff relies, in part, on Case Law Commonwealth v. Stephens, 25 Mass.App. Ct. 117,123-124 (1987): The Court holds G.L. c.265 applies to hate-motivated harassment. Further, since the securities case was settled for $45,000, with NASD and SEC approval, there is no clear economic motive for the continuing phone calls, harassment, and extortion demands against plaintiff. Defendant NASD "attorney" John D'Amico used an on the record epithet and referred to plaintiff as a ..."f....ng spic. Defendant Juckett threatened a lawsuit against Robert Angle, president of Acument Securities, if "..You don't get rid of the spic Howard.." These are recurring bias indicators and are unfair and unjust. Further, SEC attorney Margaret McFarland filed a document with this honorable court, on June 4,2003 (docket # 02-1939) identifying Plaintiff as a person of "Hispanic background"…implying that the court should render judgment based on plaintiff's race instead of the facts. Enough is enough. **Defendant NASD displayed a figure depicting a lynching scene in their Boston office. The display was a black-faced doll with a rope noose knotted around its**

**neck to depict a lynching.** The lynching scene was displayed in a conference room where respondents were taken to extract settlements under color of authority. The black-faced doll with a rope knotted around its neck was left next to a box where plaintiff was asked to examine documents relating to his case. Further, Defendant NASD failed to distribute, prepare, or sign a "decision" within the required 60-day deadline mandated by NASD Rules and Procedures. They did not prepare or distribute the decision within the required 60-day deadline, thus irrevocably damaging Plaintiff's employment and earnings prospects. Laches requires that the "decision", rendered December 1,1999, is null and void with no force or effect. This is the source of continuing and ongoing litigation, including this honorable court, with no end or prospect of settlement. Plaintiff will accept nothing less than the complete deletion of the false and fabricated CRD file. Further, the NASD and SEC settled the case, without my knowledge or consent, for $45,000 in December, 1996.......and then stuck the bill to U.S. taxpayers. NASD regional attorney Max Mahoney closed the file on this entire matter in September 1997. The NASD and SEC was notified about Juckett' s stalking and failed to respond. There can be no other reason except racial hatred for the continued stalking of plaintiff with the aid of the NASD and SEC websites. The SEC, without reading the case, simply ratified the NASD's racial and selective prosecution of Plaintiff. Plaintiff demands that his entire CRD (Central Repository Record) be deleted forthwith.

II

## Jurisdiction and venue

2. The plaintiff is a resident of Massachusetts. A majority of the unlawful Hate Crime, privacy, and Civil Rights violations took place in Massachusetts. With regards to Diversity, the defendants are located outside the state of Massachusetts.

3. The plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. ss 1367 and the Supplemental (pendent) jurisdiction of this Court to hear and decide his claims arising under state law.

III

## Parties

4. The Plaintiff resides in Somerville, County of Middlesex, Commonwealth Massachusetts and is a citizen of the United States.
5. The defendant Juckett is a resident of Virginia. Defendant NASD is a self-regulatory organization located in Washington, D.C. The SEC is a government agency located in Washington, D.C. The SEC regulates the NASD and is responsible for their policies, Procedures.

IV

## COUNTS OF THE COMPLAINT

5. Juckett provided his name and address to the NASD website and was then granted access to my personal information. Therefore his stalking and extortion demands were facilitated by the NASD and SEC.

6. Defendant Juckett, utilizing the website maintained by the NASD, tracked plaintiff to one of his employers, Acument Securities. On September 15,2002, Acument securities notified plaintiff in writing about Juckett's extortion demands. The letter from Acument referred to the NASD website and the "calls from the NASD" regarding the extortion demands. Plaintiff is not sure of the

relationship between Juckett and the NASD. U.S. taxpayers are being billed for the SEC, NASD, and Juckett stalking activities.

5. Defendant Juckett is not, and never was, a client of plaintiff. Please find attached copies of a letter from Attorney Gary Schultz, dated February 28, 1997, to Juckett demanding an end to the harassment. **It is listed as NASDR Exhibit 002321**. Enough is enough after 6 years of phone calls from an NASD and SEC profiled stalker and extortionist. The NASD therefore was warned and should have foreseen the consequences of allowing a known stalker and extortionist access to the NASD website. Please find attached the signed investigation of NASD and SEC employee James Nestor and his finding concerning Juckett's extortion, blackmail, bank fraud, and stalking.

6. NASD hired James Nestor, Boston with the approval of the SEC. Please find attached proof of his employment with the NASD. U.S. taxpayers funded his hiring from H.J. Meyers.....a firm shut by Massachusetts State Regulators. **NASDR EXHIBITS 000657 and 000659.**

7. SEC and NASD provided plaintiff with documents which reveal they were informed and aware of Jucketts extortion activities. Therefore, they should have foreseen the problem with not screening Juckett from their websites. **SEE ATTACHED NASDR EXHIBIT 000651 and 000654.**

8. SEC document B-10275 aknowledges racial stalking and extortion of Plaintiff by Juckett. **SEE ATTACHED B-10275**

9. NASD and SEC provide plaintiff with checks forged by Juckett. Said checks were used in an attempt by Juckett to extort money from MBNA bank. **NASDR EXHIBIT 000699.**

10. This represents an irrevocable conflict of interest in that the NASD and SEC, believe it or not, hired the very person who found Juckett guilty of extort, signed the order tickets in question...and then stuck the investigation costs, racial and selective prosecution of Plaintiff on the backs of U.S. taxpayers.

11. Defendants seek to twist the Federal Securities Laws into no cost speculator' s insurance in order to extort from Plaintiff, a Hispanic securities professional, the $45,000 paid to Juckett with SEC approval........and stick the bill to U.S. taxpayers. This hate crime motivataed extortion,on a case **settled in 1997 for $45,000**, is ongoing, pursuant to Plaintiff's letter from employer Acument Securities dated September 15,2002 and subsequent phone conversations with Robert Angle, president of Acument Securities.

9. NASD employee Jim Nestor conducted an investigation of Juckett and itemized Juckett's bizarre stalking activities and financial irregularities. Jim Nestor was hired by the Boston office of NASD with the approval of the SEC. He was hired, in part based on his investigative findings of Juckett. The NASD and SEC later terminated him after he refused to alter his findings of Juckett as a stalker and extortionist. His salary was billed to U.S. taxpayers. Mr. Nestor was hired from H.J. Meyers...a firm shut by Massachusetts Securities Regulators. The SEC and NASD was busy hiring the people from the same brokerage firms they were supposed to regulate... and soaked U.S. taxpayers with the bill.

10. The SEC provided plaintiff with a copy of the Boston Police Record of Juckett's stalking activities. Please see attached **(NASDR EXHIBIT 001496).**

11. Juckett was paid $45,000 by brokerage firm H.J. Meyers, with the approval of the NASD and SEC, to settle a securities related matter with brokerage firm H.J. Meyers of Boston, Massachusetts. Plaintiff was not a party to said settlement.
The NASD website lists the settlement of $45,000.

Plaintiff respectfully notifies this honorable court that he will hold a news conferece on October 2nd to announce this lawsuit and distribute copies of said complaint to the news media.

WHEREFORE, the plaintiff requests that this honorable Court advance this case on the docket for a speedy trial and upon such trial to:

1. Order the arrest and imprisonment of defendant Juckett to the full extent allowed by G.L. c.265, SEC 43.
2. Order defendants to pay compensatory and punitive damages in the amount of $12,000,000 to plaintiff.
3. Order the defendant NASD to close their website until such time as they can secure said site against stalkers and extortionists such as Juckett.
4. Order declaring the false, fabricated ,racially motivated, sanctions and fines against plaintiff null and void.
5. Bar the SEC from enforcing said false,fabricated,and racially motivated fines and sanctions against plaintiff.
6. Order the NASD to delete from my CRD file the incredibly false,fabricated,and racially motivated  sanctions. They are null and void with no force or effect.
7. Order the NASD to post this lawsuit, in its entirety, with all exhibits related to Juckett, under my CRD 1112346 and on the NASD website.
8. Order the NASD and SEC to block Juckett from accessing their websites and my CRD file.
9. Order the defendants to pay prejudgment interest; and
10. Order such further relief to make the plaintiff whole, as the Court deems just.

The Plaintiff, does herewith reiterate and restate the statements and allegations set forth in paragraphs one (1) through fifteen (11) of this Complaint, and do hereby incorporate said paragraphs by reference, as if same were specifically, separately and fully set forth herein.

The Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. ss 1367 and the pendant jurisdiction of this Court to hear and decide his claims arising under state law.

By the above conduct the defendants, discriminated against plaintiff based on his Hispanic origin and facilitated Juckett's access to the website to continue his stalking and extortion against plaintiff and his

employers. Therefore, defendants SEC and NASD also engaged in racketeering whereby they sought, and still seek, to extract a refund,through fines, of the $45,000 settlement with Juckett. Members of the "preferrd ethnic group" (i.e. white ) were not pursued by the NASD , SEC, and Juckett, as evidence by their own exhibits and documents provided to plaintiff.

This violation was committed with knowledge, or reason to know, that such act or conduct violated G.L. c.265, SEC 43.

## V
### JURY DEMAND

The plaintiff demands a trial by jury on each and every triable issue.

Respectfully submitted

Dan Howard, Pro-SE

Dan Howard

PMB 299

One Kendall Square

Cambridge, Massachusetts 02139

617-529-8886

I hereby affirm that a true and correct copy of this document and exhibits were mailed by certified or expedited overnight mail service and or will be provided provided to a process server this 12th day of September,2003 for delivery to defendants Stuart Juckett, National Association of Securities Dealers (NASD), and Securities and Exchange Commission at their last know addresses:

National Association of Securities Dealers

Office of the General Counsel

1735 K Street

Washington, D.C. 20006-1516

202-728-8294

Securities and Exchange Commission

Office of the General Counsel

450 5th Street NW

Washington, D.C. 20549-0001

202-942-0944

Stuart Juckett

9494 Oak Falls Court

Great Falls, Virginia 22066